UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| V. | ) | CASE NO. 12-cr-578 |
| TAM NGUYEN | ) | |

MOTION FOR RULE 16 SANCTIONS

Defendant Tam Nguyen files this Motion for Rule 16 Sanctions and in support thereof would show unto the Court as follows:

1.

On September 9, 2012, defense attorney Norm Silverman arrived at the DEA evidence locker to consult with defense expert Dr. Gary Wimbish while he selected evidence for testing. Mr. Silverman was met by Assistant United States Attorney Jesse Rodriguez. Mr. Rodriguez confronted Mr. Silverman asking questions on video about the defense investigation. Specifically, Mr. Rodriguez demanded to know if Mr. Silverman had instructed the defense expert to select only sticks for testing. Mr. Silverman refused to answer the questions and repeatedly objected to being videotaped and questioned about the defense investigation. Mr. Rodriguez proceeded to call Mr. Silverman a liar and generally harass him for doing his job as a defense attorney. Mr. Rodriguez would not permit Mr. Silverman to consult with defense expert Dr. Wimbish in the evidence room without being recorded and interrogated by the government prosecutor. Mr. Rodriguez is not entitled to any information about the defense investigation. Mr. Rodriguez's conduct in interrogating defense counsel on video is egregious and violates the 6th and 5th Amendment to the United States Constitution, attorney client privilege and attorney work product privilege.

**2.**

The prosecutor has repeatedly impeded the defense ability to investigate this case, causing significant prejudice to the defendant. If the government had simply allowed the defense expert to select plants on September 10, 2012, when the defense expert first arrived, the questionable plants would be dried and ready to be shipped for testing. The prosecutor's conduct in repeatedly obstructing the defense has impacted for the defense ability to do the job required by the 6th Amendment. The delay has resulted in continued decomposition which has made a tremendous difference in the defense expert's ability to determine which plants are questionable and even preventing access to bags from some of the houses. The government should not be permitted to use decomposition as both a sword and a shield.

**3.**

At the first hearing on this issue, the Court informed the government that the defense was just doing what was required by the 6th Amendment. The Court admonished the government to permit the defense to complete its examination of the evidence. At the second hearing on this issue, the Court reminded the government of the 6th Amendment requirement, pointed out that we were only in court because the government could not reach reasonable agreements and admonished the government again to permit the defense to complete its investigation. Now, the government has prevented the defense from consulting with its defense expert while the expert is performing his defense contracted examination of the evidence. The defense expert has continued in his effort to select plant life in order to avoid any further delay and the impact of that delay on the evidence, but the expert was forced to continue without the direction of those hiring him because of the government's conduct. Throughout the conflict, defense counsel has calmly attempted to secure access to the evidence through agreement and then court assistance when agreement failed.

Throughout the conflict, government counsel has repeatedly informed counsel that she is not doing her job, she is doing more than she is supposed to do.

4.

The government has prevented defense counsel from having reasonable access to the defense consulting expert, because the government refused to allow defense counsel to privately consult with the defense consulting expert while he was examining and selecting evidence for testing in the evidence room. The government has prevented defense from accomplishing a reasonable inspection of the evidence, because it prevented the consultation between counsel and the defense expert during the examination. By failing to permit the reasonable examination of the evidence jointly by counsel and the defense expert, the prosecution has violated Rule 16 of the Federal Rules of Criminal Procedure and violated the 6th Amendment to the United States Constitution by preventing counsel from providing an effective defense. By interrogating and demeaning counsel on video, the government has willfully interfered with the right to counsel, the attorney client privilege, the 5th Amendment to the United States Constitution, and the work product privilege. Such intentional prosecutorial misconduct should be redressed.

5.

The factual issues in this case can be determined by review of the government video tape. The defendant requests production of the video tape to the District Judge for use in determining the factual issues.

6.

**Relief Requested**

The District Court has broad discretion to administer sanctions for discovery violations including suppression of evidence even if there is no prejudice. *U.S. v. Campagnuolo*, 592 F. 2d 852,

858 (5th Cir. 1979). Dismissal of the indictment is appropriate if there is actual prejudice to the defendant. *Id* at 865.

1. Dismiss the indictment. Fed.R.Crim.Pro. Rule 16(d)(2)(D).

2. In the alternative, prohibit the prosecution from introducing any evidence regarding the alleged marijuana plant life and any test results from examination of the alleged marijuana plant life at the DEA laboratory in accordance with Fed. R. Crim.Pro. Rule 16 (d)(2)(C).

Defendant prays for such other relief as this Honorable court may deem meet and proper.

Respectfully submitted,

Tam Nguyen

By: /s/ Daphne Pattison Silverman
Daphne Pattison Silverman
TBN 06739550
The Silverman Law Group
917 Franklin, 4th Floor
Houston, Texas  77002
(713) 229-0687
FAX (713) 526-1798

## CERTIFICATE OF CONFERENCE

I, Daphne Pattison Silverman, do hereby certify that I have attempted by phone and by email to discuss this motion with Assistant United States Attorney Jesse Rodriguez. Mr. Rodriguez responded by email that there is no dispute.

/s/ Daphne Pattison Silverman
Daphne Pattison Silverman
Attorney for Defendant,
Tam Nguyen

## CERTIFICATE OF SERVICE

I, Daphne Pattison Silverman, do hereby certify that on this the 10th day of October, 2012, a true and correct copy of Motion for Rule 16 Sanctions was served on all parties of record specifically including Assistant United States Attorney Jesse Rodriguez, via electronic filing.

                <u>/s/ Daphne Pattison Silverman</u>
                    Daphne Pattison Silverman
                    Attorney for Defendant,
                    Tam Nguyen